UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Local 165, Laborers' International Union
of North America,                       )
                Plaintiff      )
                               )
   v.                                  )       Case No. 09-1356
                               )
DEM/EX Group Inc.,                      )
                Defendant      )

**ORDER**

Now before the Court is the Plaintiff's motion to strike five of the six affirmative defenses raised by Defendant in its answer. For the following reasons, the motion is granted in part and denied in part.

MOTIONS TO STRIKE AFFIRMATIVE DEFENSES GENERALLY

On October 21, 2009, Plaintiff filed its complaint, seeking enforcement of several arbitration awards rendered against the Defendant. This motion is based on the proposition that the 2nd, $3^{nd}$, 5th and 6th defenses are time barred and that the 1st defense is improperly plead.

Rule 12(f) permits a district court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Motions to strike affirmative defenses are generally disfavored because of their potential to delay proceedings. <u>Heller Fin., Inc. v. Midwhey Powder Co., Inc.</u>, 883 F.2d 1286, 1294 (7th Cir.1989); <u>Jackson v. Methodist Medical Center of Illinois</u>, - F. Supp. 2d -, No. 06-1235, 2007 WL 128001 *2 (C.D. Ill. 2007)(Mihm, J).

**TIME BARRED**

The only avenue available for a party seeking to nullify an arbitration award is the filing of a timely suit to vacate it. Sullivan v. Gilchrist, 87 F.3d 867, 871 (7th Cir. 1996). Failure to timely file such a suit renders the arbitration award final. Id. Defendant does not disagree with these general propositions of law but argues that they do not apply under the facts of this case.

The Labor Management Relations Act does not identify a statute of limitations that applies, so federal courts apply the statute of limitations for a comparable action in the forum state. Id. at 870. In Illinois, an application to vacate an arbitration award must be made "within 90 days after delivery of a copy of the award to the applicant," pursuant to the Illinois Arbitration Act. 710 ILCS 5/12(b); Sullivan v. Lemoncello, 36 F.3d 676, 681 (7th Cir. 1994).

In the complaint, Plaintiff alleges that it sent Defendant a letter on Nov. 11, 2008, and another on July 29, 2009, notifying it of the arbitration committee's decisions and demanding payment. (Count I ¶ 13, and Count II ¶ 13). Defendant admits that it received those letters, but affirmatively states that "it did not receive any decision from the arbitration committee." (Count I, ¶ 12 and Count II, ¶ 12).

The language of the Illinois statute explicitly provides that the limitations period for challenging an arbitration award begins to run upon delivery of a copy of the award, not upon notice that the award has been issued. The Seventh Circuit has pointed out the risks involved in simply sitting on one's rights once *notice* of an arbitration decision is received. Internat'l Union of Operating Engineers, 161 f3d 427, 434 (7th Cir. 1998), but the facts of that case were much different than what is now before this Court.

In this case, there appears to be a factual issue with respect to when Defendant first received copies of the awards in this case. If the first time a copy of the award was received was when this case was filed, then pleading of the affirmative defenses was timely. If copies were received earlier, then the affirmative defenses were untimely. Until that issue is resolved, it is a question of fact whether these affirmative defenses are time barred. See, e.g., Hough v. Howington, 627 N.E.2d 36 (Ill.App.1993). This matter may be re-raised in summary judgment motions.

### PLEADING OF AFFIRMATIVE DEFENSES

Plaintiff next asserts that Defendant's first affirmative defense - that the complaint fails as a matter of law to state a cause of action - is improperly plead. Failure to state a claim is a Rule 12(b)(6) defense and it "may be raised by motion." Nothing in the Rules prohibits the pleading of this defense in an answer.

Plaintiff asserts, however, that this "bare bones" pleading does not provide the minimal specifics required by Rule 8 to provide notice as to how the complaint is deficient. Affirmative defenses are subject to the pleading requirements set forth in Fed.R.Civ.P. 8(c). This Rule sets out a list of "avoidance and affirmative defenses" which does not include failure to state a claim. Courts have not always agreed whether failure to state a claim is an affirmative defense. See Jackson, 2007 WL 128001 at *2 (collecting cases). As noted by the Jackson Court, however, more than "bare bones" pleading is required. Defenses must be stated "in short and plain terms." This same description - "short and plain" - is used to describe how a complaint must be filed, and it is clear that the phrase means that there must be enough to give the opposing party notice of the basis for the claim or the defense. Bell Atlantic Corp. v. Twombly 127 S. Ct. 1955, 1964 -1965 (2007). This same standard applies to the pleading of affirmative defenses.

Defendants first affirmative defense falls fall short of that standard. It is, therefore, stricken.

## CONCLUSION

For the reasons stated herein, the motion to strike [#7] is granted as to the 1st affirmative defense and denied at this time as to the 2nd, 3nd, 5th and 6th defenses.

ENTERED ON March 11, 2010

                                      s/ John A. Gorman

                                  JOHN A. GORMAN
                         UNITED STATES MAGISTRATE JUDGE